UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Armin Dirk Van Damme, | Case No. 2:25-cv-00785-RFB-MDC |
| Plaintiff(s), | ORDER |
| vs. | |
| Tiffany & Bosco, P.A., | |
| Defendant(s). | |

Pro se plaintiff Armin Dirk Van Damme filed a *Motion to Vacate Judgment*[1] *and Compel* ("Motion to Compel")(ECF No. 25) and a *Motion for Judicial Notice* (ECF No. 30). The Court **DENIES** the Motion to Compel without prejudice. The Court **DENIES** the Motion for Judicial Notice.

I.   **MOTION TO COMPEL**

This is a real estate case. *ECF No. 1*. Preliminarily, plaintiff is pro se and captioned his Motion to Compel indicating several different forms of relief. The Court's Local Rule LR IC 2-2(b) require that litigants file separate motions for each different form of relief sought. *Id.* Substantively, however the plaintiff appears to be attempting to take discovery from the defendant by his Motion to Compel. Thus, the Court construes his Motion to Compel as seeking a singular form of relief to conduct discovery.

While parties are obligated to diligently move this case along, including diligence in pursuing discovery, the parties have not yet filed a discovery plan and scheduling order in this case, so discovery

---

[1] The Court liberally construes the Motion to Vacate Judgment and to Compel, despite the title, as a discovery motion, as the arguments pertain to discovery. Plaintiff is cautioned, however, that in the future he should file separate motions if he seeks different forms of relief. See LR IC 2-2(b)("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.")

is not open. Federal Civil Procedure Rule 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)...." *Id*.

In addition, Local Rules IA 1-3(f) and LR 26-6, and the Court's Standing Order (ECF No. 19) further provide rules and procedures for raising discovery disputes, such as the disputes raised by plaintiff in his Motion to Compel, which the plaintiff failed to do.   While the Court understands that plaintiff is proceeding without an attorney (i.e., "pro se"), pro se litigants must comply with the Federal Rules of Civil Procedure and the Local Rules of the court in which litigation is proceeding. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record").

Defendants are not blameless. The parties are required to hold a Rule 26(f) conference. The parties are reminded of their obligations to cooperate and to meet and confer in good faith to discuss pre-trial disputes. LR IA 1-3(f) provides, in relevant part: "[T] 'meet and confer' means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants." *Id*. In doing so, the parties must participate in all required conferences, exchange reasonable compromise proposals, and consider them in good faith. That dispositive motions may have been filed is not grounds to refuse discovery or to participate in discovery required conferences. *Erwine v. United States*, No. 3:24-cv-00045-MMD-CSD, 2024 U.S. Dist. LEXIS 157320, at *2 (D. Nev. Sep. 3, 2024)(there is no automatic stay of discovery just because a potentially dispositive motion is pending.). The defendant has also not moved to stay discovery. Failure to engage in meaningful meet and confer efforts, other court-required conferences, or reasonably and professionally cooperate will result in sanctions.

The Court orders the parties to meet and confer regarding discovery and file a Stipulated Discovery Plan and Scheduling Order by **December 29, 2025**. The Court denies plaintiff's Motion to Compel without prejudice. If plaintiff wishes to refile his discovery dispute when discovery opens, the parties must cooperate pursuant to the Court's Standing Order.

**II.    MOTION FOR JUDICIAL NOTICE**

Plaintiff argues that the Court should, "take judicial notice of the docket in Ninth Circuit Case No. 24-7767, the appeal of the dismissal in Case No. 2:24-cv-01287-JAD-BNW (T&B's Exhibit C to ECF No. 28), where Defendant Tiffany & Bosco, P.A. ("T&B") failed to respond to Plaintiff's opening brief." *ECF No. 30.*

Pursuant to Federal Rule of Evidence 201, a federal court may take judicial notice of adjudicative facts. Fed. R. Evid. 201(a), (d). "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiff asks the Court to take judicial notice of various documents he asserts are related to other legal proceedings. Plaintiff does not explain how these documents are relevant to his claims or what particular facts are the subject of his request for judicial notice — that is, what facts he is arguing are not subject to reasonable dispute. The Court thus denies the Motion for Judicial Notice.

**IT IS ORDERED** that:

1. Plaintiff Armin Dirk Van Damme's *Motion to Vacate Judgment and Compel* (ECF No. 25) is **DENIED.**

2. The parties shall meet and confer regarding discovery and file a Stipulated Discovery Plan and Scheduling Order in conformity with LR 26-1 by **December 29, 2025**.

3. Plaintiff's *Motion for Judicial Notice* (ECF No. 30) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated December 5, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.