# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Armin Dirk Van Damme,

                    Plaintiff(s),

vs.

Tiffany & Bosco, P.A.,

                    Defendant(s).

Case No. 2:25-cv-00785-RFB-MDC

**ORDER**

The defendants filed a *Motion to Stay Discovery* (ECF No. 34) and a proposed *Discovery Plan and Scheduling Order* (ECF No. 40) pursuant to the Court's Order (ECF No. 33). Pro se plaintiff Armin Dirk Van Damme filed a *Motion to Strike* (ECF No. 38) the defendant's Motion to Stay Discovery. Since the Court **GRANTS** the defendant's Motion to Stay Discovery (ECF No. 34) the Court **DENIES** the parties' discovery plan as MOOT. The Court also **DENIES** plaintiff's Motion to Strike (ECF No. 38).

## DISCUSSION

The Court finds staying discovery is appropriate in this case.  Federal courts have the "power to stay proceedings [it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy,

and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1).  The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending*.  Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024).  The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

The defendants filed a motion to dismiss, in which they argue that plaintiff has failed to state any viable claims. *ECF No. 4*. The defendants argue that plaintiff has attempted to litigate these claims in the past and his claims have been dismissed with prejudice. *Id.at 10*. The defendants argue that his claims are barred by claim and issue preclusion. *Id*. Plaintiff's response is difficult to follow, but he appears to agree that "discovery is not justified" because he does not think that this case should have been removed to federal court. *ECF No. 35 at 5*. Plaintiff also says that "[d]iscovery is improper and should be denied or stayed pending jurisdictional resolution." *Id*. Plaintiff does ask, however, that defendant's Motion to Stay Discovery be denied and that this case be remanded. *Id*. Plaintiff argues in his Motion to Strike that the defendant's Motion to Stay Discovery should be stricken procedurally because the defendant filed it before the parties had their required Rule 26(f) meet-and-confer. *ECF No. 38*.

Reviewing the Motion in the light most favorable to the plaintiff, the Court finds that the plaintiff will not be prejudiced by a short stay of discovery, as no discovery is needed to determine whether the plaintiff has stated a claim and plaintiff apparently agrees that discovery should be stayed. The defendant, on the other hand, would be prejudiced if discovery commenced now because it would effectively deny them of their argument that plaintiffs failed to state a claim. Allowing the case to move

forward would also prejudice the defendants given that plaintiff's claims, and discovery, may at least be narrowed which would decrease the expense of litigation. The Court finds that the motion to dismiss can be decided without further discovery. The Court also finds good cause to stay discovery until the Court resolves the issues the defendant raises in the motion to dismiss. Since a stay of discovery will benefit both parties, the Court denies plaintiff's Motion to Strike and denies the discovery plan as moot.

**IT IS ORDERED** that:

1.  Defendant's *Motion to Stay Discovery* (ECF No. 34) is **GRANTED.**

2.  Plaintiff's Motion to Strike (ECF No. 38) is **DENIED**.

3.  The parties' proposed *Discovery Plan and Scheduling Order* (ECF No. 40) is **DENIED** as moot.

4.  If defendant's motion to dismiss (ECF No. 4) is denied, the parties shall meet and confer and submit an amended stipulated discovery plan and scheduling order within two (2) weeks of the entry of the order denying defendant's motion to dismiss.

IT IS SO ORDERED.

Dated January 20, 2026

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.